

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| MEF | *271 Cadman Plaza East* |
| F. #2019R01255 | *Brooklyn, New York 11201* |

December 26, 2019

<u>By Email and ECF</u>
Robert Previto, Esq.
33 Walt Whitman Rd.
Huntington Station, NY 11746
Email: rprevito@hotmail.com

   Re: United States v. Robert Kleehammer
      <u>Criminal Docket No. 19-597(JS)</u>

Dear Mr. Previto:

  Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

I. <u>The Government's Discovery</u>

  A. <u>Statements of the Defendant</u>

   Please find enclosed:

- A redacted report regarding the statement given by the defendant to law enforcement at his home on September 17, 2019, Bates-numbered KLEEHAMMER000027-KLEEHAMMER000028;

- A redacted copy of a <u>Miranda</u> warning form, signed by the defendant, from September 17, 2019, Bates-numbered KLEEHAMMER000029; and

- A written, signed copy of the defendant's September 17, 2019 statement, Bates-numbered KLEEHAMMER000030.

  B. <u>The Defendant's Criminal History</u>

   The government is not aware of any criminal history for the defendant.

    C.    <u>Documents and Tangible Objects</u>

On September 17, 2019, law enforcement executed a search warrant at the defendant's residence.  A copy of the affidavit submitted in support of that search warrant is attached, and Bates-numbered KLEEHAMMER000001-KLEEHAMMER000026.  In accordance with the warrant, the following property was seized: one black notebook containing passwords; one black LG cell phone labeled "516-864-9800"; one black Western Digital hard drive S/N WXJ1A76L440V; one Gateway computer S/N DTGDDAA012311040239200; one Chromebook FCCID# MSQ7265NG; one black cell phone; one PNY Thumb drive; one Apple laptop S/N C02X52FHTHD3; one IBM Thinkpad S/N 99-MFW12; one black hard drive labeled "died"; one hard drive labeled "MOSCATO"; one Toshiba hard drive labeled "TANIS"; 5 memory cards; one black Motorola cell phone; one SanDisk memory card 7 reader; one white Apple hard drive; one Apple laptop S/N C1MJN0NGDV31; and various storage media.

You may examine the physical evidence discoverable under Rule 16, including the aforementioned devices and original documents, by calling me to arrange a mutually convenient time.

    D.    <u>Reports of Examinations and Tests</u>

The government will provide you with copies of reports of examinations or tests in this case as they become available.

    E.    <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government anticipates calling an expert at trial to testify regarding a forensic review of the aforementioned devices, including but not limited to the white Apple hard drive, which revealed numerous images and videos containing child pornography.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

    F.    <u>Brady Material</u>

The government is not aware of any exculpatory material regarding the defendant.  The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials.  <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

      G.      Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.      The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

IV.      Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized

3

representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

                                    Very truly yours,

                                    RICHARD P. DONOGHUE
                                  United States Attorney

                    By:   <u>/s/ Megan E. Farrell</u>
                                  Megan E. Farrell
                                  Assistant U.S. Attorney
                                  (631) 715-6448

Enclosures

cc:     Clerk of the Court (JS) (by ECF) (without enclosures)