

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| MEF | *610 Federal Plaza* |
| F. #2019R00857 | *Central Islip, New York 11722* |

May 16, 2022

<u>By ECF</u>

Honorable Joanna Seybert
United States District Judge
100 Federal Plaza
Central Islip, New York 11722

   Re: United States v. Robert Kleehammer
     <u>Criminal Docket No. 19-597 (JS)</u>

Dear Judge Seybert,

   The government respectfully submits this letter in advance of sentencing in the above-referenced case, currently scheduled for May 23, 2022 at 3:00 p.m., and in response to the defendant's May 3, 2022 sentencing submission (hereinafter "Def. Mem."). On April 16, 2021, the defendant pled guilty pursuant to a plea agreement to Count Two of a two-count indictment, which charged the defendant with the possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B). For the reasons stated below, the government respectfully submits that a sentence of 6 months' custody is reasonable and appropriate in this case.

I.  <u>Background</u>

   The facts underlying the offense conduct in this case are set forth in the Presentence Investigation Report ("PSR"), to which the government has no objection.

   A. <u>The Initial Lead</u>

   In 2019, the Federal Bureau of Investigation was conducting an investigation of users connected to BitTorrent peer-to-peer networks with files containing child pornography. PSR at ¶ 4. During the course of the investigation, agents observed an IP address—which they later determined was originating from the defendant's residence—that was sharing child pornography. <u>Id.</u> at ¶ 6. Agents were able to connect to that address numerous times and as a result, download child pornography. <u>Id.</u> The pornography downloaded included videos featuring children between the approximate ages of 5 and 10 years old.

## B.    The Subsequent Investigation and Arrest of the Defendant

On September 17, 2019, agents went to the defendant's residence in Huntington, New York in order to execute a premises search warrant. Id. at ¶ 7. The defendant agreed to be interviewed, and he admitted that he had viewed child pornography images on the internet for two to three months, and that he had used peer-to-peer software through a program called WireShare. Id. The defendant also admitted that when he would look for child pornography, he would search using terms such as "lolita" and "teen," which would yield material featuring children under the age of 9. Id. The defendant admitted that he had a backup drive, which was encrypted and for which he claimed he could not recall the password, but he denied storing child pornography on that drive. Id. The defendant also told agents that he previously volunteered at Woodhull Elementary School, where he taught bridge to children in an afterschool club. Id.

A search of the defendant's Apple laptop (the "Laptop") and an Apple storage device (the "Device") revealed a substantial collection of images and videos of child pornography. Specifically, there were thousands of images and videos depicting child pornography, much of which was moved from the Laptop to the Device. Id. at ¶ 9. These files include videos of sexually explicit acts between adults and prepubescent females, including vaginal and oral intercourse, a video where a child's diaper is removed so that a teenage girl can orally copulate the child's penis, and a video where a 5-to-6 year old girl is blindfolded and a dog is licking the girl's vaginal area. Id. There were also videos depicting the children bound with ropes and blindfolds. Id.

## C.    The Indictment

On December 17, 2019, a grand jury sitting in the Eastern District of New York returned an indictment charging the defendant with one count of receiving child pornography, in violation of Title 18, United States Code, Section 2252(a)(2), and one count of possessing child pornography, in violation of Title 18, United States Code, Section 2252(a)(4(B) (the "Indictment"). ECF No. 1 at 1. On December 19, 2019, the defendant was arraigned on the Indictment. ECF No. 6.

## D.    Post-Arrest

On or about and between April 23, 2022 and April 26, 2022, the defendant utilized his wife's cell phone—which he is not actually permitted access since he is not allowed to use any internet capable devices—to view numerous adult pornography videos. When confronted about his behavior by Pretrial Services, the defendant acknowledged that he had improperly accessed the electronic device but denied that he had intentionally watched pornography. As noted by Pretrial in their report, the defendant watched pornography via an internet-based television provider and did so several times over the course of multiple days. Relatedly, the defendant admitted that, notwithstanding the aforementioned conditions of release, the defendant was also using a desktop computer belonging to his wife, in violation of the terms of those conditions. On May 10, 2022, at a

bond violation hearing, the defendant confirmed the accuracy of these allegations and accepted responsibility for violating the terms of his pretrial release.

## II.  Guidelines Calculation

The Probation Department calculated the United States Sentencing Guidelines (the "Guidelines" or U.S.S.G.") range for the defendant as follows:

| | | |
|---|---|---|
| Base Offense Level (§ 2G2.2(a)(4)(B)) | | 18 |
| Plus: | Material involves prepubescent minors (§ 2G2.2(b)(2)) | +2 |
| Plus: | Defendant shared child pornography with others via Bittorent | +2 |
| Plus: | Material portrays sadism/masochism, violence and the sexual abuse/exploitation of infants and toddlers (§ 2G2.2(b)(4)(A) and (B)) | +4 |
| Plus: | Offense involved use of a computer ((§ 2G2.2(b)(6)) | +2 |
| Plus: | Possession of more than 600 images (§ 2G2.2(b)(7)) | +5 |
| Less: | Acceptance of responsibility | -3 |
| Total: | | 30 |

This calculation is identical to the one in the Plea Agreement, and to which the defendant stipulated. Because the defendant is in within Criminal History Category I, the applicable Guidelines Range as calculated by the Probation Department is 97 to 121 months. Id. at ¶ 74.

## III.  Appropriate Sentence

The government respectfully requests that the Court impose a sentence of 6 months' incarceration, which is well below the Guidelines in this case. The nature of the offense to which the defendant has pleaded guilty, the need for deterrence, and the defendant's history and characteristics warrant a term of incarceration, albeit brief, notwithstanding his age. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), and (a)(2)(B).

Child pornography crimes represent the continuing victimization of the children depicted in these images, which are in essence, crime scene images. Possession of videos and images of abuse, alone, fosters a market for more abuse. See, e.g., United States v. Gouse, 468 F. App'x 75, 78 (2d Cir. 2012) (affirming sentence where district court had "observed that, contrary to [the defendant's] contention, his crimes are not victimless because they create[] a market for child pornography and thus harm children, scarr[ing] [them] for life" (internal quotation marks omitted)); United States v. Miller, 594 F.3d 172,

189 (3d Cir. 2010) ("[P]ossession of even a small number of images of child pornography contributes to the victimization of children and creates a market for child abuse." (internal quotation marks omitted)). "Child pornography harms and debases the most defenseless of our citizens. Both the State and Federal Governments have sought to suppress it for many years, only to find it proliferating through the new medium of the Internet." United States v. Williams, 553 U.S. 285, 307 (2008). "The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance," New York v. Ferber, 458 U.S. 747 (1982), and this interest extends to seeking to stamp out child pornography at all levels in the distribution chain, Osborne v. Ohio, 495 U.S. 103, 110 (1990).

Here, the defendant was found to be in possession of a substantial quantity of child pornography images, including thousands of images and videos. Because the defendant encrypted a variety of hard drives, it was impossible for the FBI to gain a complete understanding of the defendant's entire child pornography collection. PSR at ¶ 9. The images recovered depict the rape and sexual abuse of children, toddlers and infants, i.e., it is not in any way borderline. Additionally, the defendant made the same pornography available to others through the file-sharing network in which he participated. This evidence is corroborated by the defendant's own post-arrest statement, in which he admitted that inter alia he sought out, obtained and viewed child pornography.

Notwithstanding the defendant's age and health issues, in order to ensure that he is deterred from continuing to engage in criminal conduct, he should be sentenced to a term of incarceration. The evidence here has established that the defendant is of remarkably high intelligence, which enabled him to easily navigate the online applications needed to obtain large volumes of child pornography, knowingly transfer those files to external devices and encrypt certain devices. And although the defendant now claims that his criminal behavior may be the product of "creeping dementia, lack of judgment or existing depression" (Def. Mem. at 5), this explanation is inconsistent with both the defendant's actual criminal conduct—which the defendant apparently committed with relative ease—and his most recent violation of the conditions of Pretrial Release. Regarding the latter, the defendant's rather calculated dishonesty—not only in trying to evade the terms of supervision but also in initially refusing to accept responsibility once he was caught—is most concerning. Indeed, the defendant's purported health issues do nothing to explain his apparent efforts to manipulate his wife and lie to Pretrial Services. The fact that the defendant would act this way, even after pleading guilty, supports the conclusion that notwithstanding the risk of receiving a substantial sentence, the defendant is unwilling to abide by the law and does not respect the institutions of the court. Thus, the defendant should receive a sentence that promotes respect for the law and will deter him from future criminal behavior.

Finally, the government is well aware of the Second Circuit's ruling in United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010), which is cited by both counsel and Probation in their respective submissions. Here—consistent with the enhancements to which the parties stipulated in the plea agreement—the government has no objection to the calculation set out in the PSR. Indeed, although the Second Circuit in Dorvee did criticize the high Guidelines calculations that result from the proper application of U.S.S.G. §2G2.2, it

maintained the propriety of applying the relevant enhancements and instructed courts to consider the substantive reasonableness of each sentence instead of assuming the reasonableness of the Guidelines range. Id. at 88; see also United States v. Clarke, 979 F.3d 82, 99-101 (2d Cir. 2020) (upholding sentence of 120 months' incarceration as substantively reasonable where defendant was convicted of transporting and receiving child pornography, each of which carry a mandatory minimum of 60 months' custody, and Guidelines were 210 to 262 months); United States v. Chow, No. 10–4570–Cr, 2011 WL 5829616, *2 (2d. Cir. Nov. 21, 2011) (upholding sentence of 84 months as substantively reasonable in case where defendant was convicted of attempted receipt and possession of child pornography and Guidelines range was 108 to 135 months). Thus, it is the government's position that, notwithstanding the applicable Guidelines, a below-Guidelines sentence of 6 months' incarceration is sufficient but not greater than necessary to reflect the seriousness of this particular defendant's conduct and to provide adequate deterrence to the defendant. See 18 U.S.C. § 3553(a)(1), (a)(2)(A), and (a)(2)(B).

IV.    Conclusion

For the foregoing reasons, the government respectfully submits that a sentence of 6 months' imprisonment would be sufficient, but not greater than necessary, to accomplish the goals of sentencing.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/_____
Megan E. Farrell
Assistant U.S. Attorney
(631) 715-7862

cc:    Counsel for the defendant, by ECF
U.S. Probation Officer Lisa Langone